UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

ALLEN EUGENE MONDAY,

    Petitioner,

V.

SANDRA BUTLER, Warden,

    Respondent.

Civil Action No. 6:16-8-KKC

**MEMORANDUM OPINION AND ORDER**

    Allen Eugene Monday is a prisoner incarcerated at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Monday has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that his 1999 federal sentence for being a felon in possession of a firearm should not have been enhanced based upon a prior Tennessee conviction for reckless homicide. [R. 1]

    In September 1996, Beverly Reichenbach - Monday's former girlfriend - was found dead from a gunshot wound to the head in the hallway outside the apartment of Monday's brother. Monday appeared at the scene shortly thereafter, and when police noticed scratches on his arm and back, he was taken into investigative custody. In February 1997, Tennessee authorities charged Monday with reckless homicide pursuant to T.C.A. 39-13-215.

    While that charge was still pending, in March 1998 Monday was indicted for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). On June 8, 1999, Monday was found guilty by a jury of the charges. On November 23, 1999, Monday was sentenced as a career offender under 18 U.S.C. § 924(e) to a 262-month term of imprisonment. *United States v. Monday*, No. 3: 98-CR-38 (E.D. Tenn. 1998). The Sixth Circuit affirmed his conviction on direct appeal. *United States v. Monday*, 8 F. App'x 394

(6th Cir.), *cert denied*, 534 U.S. 914 (2001). Eighteen months after his federal sentence was imposed, on May 18, 2001, a Tennessee court sentenced Monday to a 12-year prison term after a jury found him guilty of reckless homicide.

In 2002, Monday filed a motion to vacate his federal conviction pursuant to 28 U.S.C. § 2255. Monday claimed, amongst other things, that his sentence should not have been enhanced as an armed career criminal under 18 U.S.C. § 924(e) because (1) his 1977 state conviction for second degree burglary had been expunged; (2) his two 1983 state convictions for first degree burglary did not constitute crimes of violence; and (3) the 1983 convictions arose from the same course of conduct, and thus should have counted as only one conviction. The trial court rejected each of his arguments in a detailed opinion in 2006, and the Sixth Circuit denied Monday a certificate of appealability in January 2007. *Monday v. United States*, No. 3: 02-CV-556, 2006 WL 1751792, at *12-13 (E.D. Tenn. June 21, 2006).

In 2011, Monday filed a § 2241 petition in this Court, essentially reiterating his challenges to the enhancement of his sentence under Section 924(e). Monday argued that (1) his Tennessee conviction for reckless homicide did not constitute a conviction for a "crime of violence"; (2) the facts supporting the enhancement were found only by a preponderance of the evidence; and (3) his two convictions for first degree burglary should not count as separate prior violent felonies because they arose from a common scheme or course of conduct and the state criminal proceedings for both charges were consolidated. *Monday v. Hogsten*, No. 6: 11-CV-69-KSF (E.D. Ky. 2011).

The Court denied the petition in a May 2012 opinion, concluding that Monday's challenge to his sentence could not be pursued under 28 U.S.C. § 2241, citing *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) and *Johnson v. Cauley*, No. 09-CV-52-HRW

(E.D. Ky. 2009), *aff'd*, No. 09 5991 (6th Cir. July 9, 2010). Further, the Court explained that Monday's federal sentence could not have been enhanced in light of his Tennessee reckless homicide conviction at all, because Monday was not convicted and sentenced for reckless homicide until May 2001, 18 months *after* his federal sentence had been imposed. Instead, the enhancement was based solely upon one burglary conviction in 1977 and two more burglary convictions in 1983. Finally, the Court rejected as meritless Monday's contention that separate robberies carried out in June, July, and August of 1982 should nonetheless only count as a single robbery for purposes of the career offender enhancement. See *United States v. Phillips*, 149 F.3d 1026, 1031 (9th Cir. 1998) ("The rule [is that] offenses that are temporally distinct constitute separate predicate offenses, even if committed within hours of each other, similar in nature, and consolidated for trial or sentencing."); *United States v. Cardenas*, 217 F.3d 491, 492 (7th Cir. 2000).

In the memorandum he filed in support of his current petition, Monday argues, as he did before, that the enhancement of his sentence was based upon a factual finding by the presiding judge by a preponderance of the evidence that he had been convicted of voluntary manslaughter [R. 1-1 at pp. 4-5, 7, 10-11] Monday again argues that his Tennessee conviction for reckless homicide was not a conviction for "voluntary manslaughter" and hence could not qualify as a predicate offense. [R. 1-1 at pp. 13-16] He also contends that his counsel was ineffective and/or misled him regarding the nature of the charges and the use of the career offender enhancement. [R. 1-1 at p. 12]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Monday's petition for habeas relief under 28 U.S.C. § 2241 must again be denied, for substantially the same reasons set forth in the opinion denying his 2011 petition. The Sixth Circuit

3


continues to adhere to the rule that "claims of sentencing error may not serve as the basis for an actual innocence claim." *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony" under *Begay v. United States*, 553 U.S. 137 (2008)); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Jones v. Castillo*, 489 F. App'x 864 (6th Cir. 2012). Nor may a claim that his counsel was ineffective be pursued under § 2241, as it could and must have been pursued in an initial motion under § 2255. *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003); *Briggs v. Quintana*, No. 5:13-183-JMH, 2013 WL 5221997, at *2 (E.D. Ky. Sept. 16, 2013). Because a habeas petition under § 2241 may not be used as an additional or alternative remedy to a motion under § 2255, *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003), Monday's petition must be denied.

Accordingly, **IT IS ORDERED** that:

1. Monday's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

Dated February 17, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY